FILED
2025 Oct-16 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS WOODROW HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:24-cv-01588-HNJ |
| | ) | |
| SCHWARZE INDUSTRIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case proceeds before the court on Defendants' motion to dismiss (Doc. 13) and Plaintiff's "Motion to Dismiss Defendant's Request and Continue Legal Proceedings." (Doc. 19). For the reasons set forth herein, the court **WILL GRANT** Defendants' motion, **WILL DENY** Plaintiff's motion, and **WILL DISMISS** Plaintiff's claims **WITH PREJUDICE** because Plaintiff failed to timely file this action.

**BACKGROUND**

On November 15, 2024, Plaintiff Thomas Woodrow Haynes filed a *pro se* Complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis* and for appointment of an attorney. (Doc. 2).

Haynes asserts claims against Defendants Schwarze Industries ("Schwarze"); Troy Butler, Schwarze's Human Resources Manager; Nick Ward, a Schwarze supervisor; and Dana Batey, a Schwarze Human Resources employee, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and

the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). He alleges Schwarze terminated his employment, failed to accommodate his disability, retaliated against him, and mis-filed his worker's compensation claim. He alleges that Schwarze's discriminatory acts occurred between September 9, 2022, and October 4, 2022. (Doc. 1, at 1-5).[1]

Haynes also checked boxes indicating Schwarze discriminated against him based upon race, as it "provided different treatment for workers comp," and based upon disability or perceived disability, yet when asked to specify the disability, he stated, "wasn't." (*Id.* at 5). Even so, he states that he attempted to obtain work accommodations on several occasions, but Schwarze did not grant his requests. He suffered a workplace injury on September 20, 2022, "and was treated even worse due to asking for [accommodations] and was told that [he] was not allowed to come back to work." (*Id.*). As relief for his claims, he requests punitive damages of $300,000, emotional distress damages of $1,000,000, backpay, and lost benefits. (*Id.* at 6).

Haynes's Complaint stated he filed a charge of discrimination with the Equal

[1] Haynes also checked a box indicating Defendants "are still committing these [discriminatory] acts against" him. (Doc. 1, at 5). However, Haynes's Complaint does not identify any discriminatory acts occurring after October 4 (or possibly October 7), 2022. As Haynes indicates Schwarze terminated his employment (*Id.* at 4), and he states he "was not allowed to come back to work" after his workplace injury (*Id.* at 5), it appears Schwarze no longer employs Haynes. Schwarze's position statement to the EEOC also supports that conclusion, as Schwarze states Haynes refused to return to work on light duty after his workplace injury. (Doc. 22-2, at 8).

Employment Opportunity Commission ("EEOC") on January 9, 2023, and he received a right to sue letter from the EEOC on August 15, 2024, yet he did not attach those documents to his Complaint. (*Id.*). On November 20, 2024, the court ordered Haynes to file a copy of his EEOC charge within 14 days. (Doc. 4). On December 4, 2024, Haynes filed a copy of the EEOC's August 15, 2024, Determination and Notice of Rights letter as to Charge No. 420-2023-01128 (Doc. 5, at 1), but he did not file a copy of the charge itself. Accordingly, on December 9, 2024, the court ordered Haynes to file a copy of the charge within 14 days. (Doc. 6).

On December 18, 2024, Haynes filed another copy of the EEOC's Determination and Notice of Rights letter, along with an attachment entitled "Information Related to Filing Suit Under the Laws Enforced by the EEOC." (Doc. 7). However, Haynes still did not file a copy of the EEOC charge. Accordingly, that same day, the court again ordered him to file a copy of the charge within 14 days, or, alternatively, ordered him to inform the court within 14 days if he did not possess a copy of the charge. (Doc. 8). Haynes did not comply with the order.

On January 10, 2025, the court reviewed Haynes's Complaint and noted it could not make a definitive assessment whether Haynes stated a viable claim for relief under Title VII or the ADA based upon the allegations of that pleading, without the benefit of discerning additional facts from Haynes's EEOC charge. The court ordered Haynes to file an Amended Complaint within 14 days, setting forth additional factual allegations

to support his claims of race and disability discrimination, including identifying his disability and describing the accommodations he requested. The court also reminded Haynes of the previous orders to file a copy of his EEOC charge, and it informed Haynes it would assess his motions for leave to proceed *in forma pauperis* and for appointment of counsel after receiving his Amended Complaint. (Doc. 9).

Haynes did not file an Amended Complaint in compliance with the January 10, 2025, order. On February 10, 2025, the court granted Haynes's motion for leave to proceed *in forma pauperis* and denied Haynes's request for appointment of an attorney. (Doc. 10). Defendants received service of the Summons and Complaint (Docs. 11-12), and they filed their motion to dismiss on March 24, 2025. On April 8, 2025, Haynes filed a "Motion to Dismiss Defendant's Request and Continue Legal Proceedings," in which he requests the court to deny Defendants' motion to dismiss. (Doc. 19). On April 15, 2025, Defendants filed a reply brief. (Doc. 20).

On April 25, 2025, all parties consented to the exercise of final jurisdiction by a United States Magistrate Judge. (Doc. 21). On May 8, 2025, Haynes filed a "Request for Equitable Tolling and Response to Misrepresentation by Defense Schwarze Industries." (Doc. 22).

## DISCUSSION

Federal Rule of Civil Procedure 8, governing pleading, calls for a short and plain statement of a claim, which, if established, entitles the pleader to relief. *See Dees v.*

*Lamar*, No. 2:20-cv-1326-LSC-GMB, 2020 WL 13750276, at *2 (N.D. Ala. Nov. 30, 2020) (noting Rule 8(a)(1) requires a plaintiff to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests"). Relatedly, Federal Rule of Civil Procedure Rule 12(b)(6) permits a court to dismiss a complaint if it fails to state a claim for which relief may be granted.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court revisited the applicable standard governing Rule 12(b)(6) motions to dismiss. First, courts must take note of the elements a plaintiff must plead to state the applicable claims at issue. *Id.* at 675.

After establishing the elements of the claim at issue, the court identifies all well-pleaded, non-conclusory factual allegations in the complaint and assumes their veracity. *Id.* at 679. Well-pleaded factual allegations do not encompass mere "labels and conclusions," legal conclusions, conclusory statements, or formulaic recitations and threadbare recitals of the elements of a cause of action. *Id.* at 678 (citations omitted). In evaluating the sufficiency of a plaintiff's pleadings, the court may draw reasonable inferences in the plaintiff's favor. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

Third, a court assesses the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements. *Iqbal*, 556 U.S. at 678. Plausibility ensues "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged," and the analysis involves a context-specific task requiring a court "to draw on its judicial experience and common sense." *Id.* at 678, 679 (citations omitted). The plausibility standard does not equate to a "probability requirement," yet it requires more than a "mere possibility of misconduct" or factual statements that are "merely consistent with a defendant's liability." *Id.* (citations omitted).

While the court should extend *pro se* complaints some measure of leniency, *see Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002), "nothing in that leniency would excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure." *Johnson v. Mobile County Sheriff Dept.*, No. 06-0821-WS-B, 2007 WL 2023488, at *3 (S.D. Ala. July 9, 2007) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure")).

## I. Haynes's Title VII and ADA Claims Must Fail, As He Did Not File Suit Within 90 Days of Receiving the EEOC's Notice of Right to Sue, and Equitable Tolling Does Not Save the Claims.

Defendants seek dismissal of Haynes's Title VII and ADA claims because he did not file this case within 90 days of receiving notice from the EEOC of his right to sue.

> An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act. *Wilkerson v. Grinnell Corp.*,

> 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); *see Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (Americans with Disabilities Act). "The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Equal Employment Opportunity Commission (EEOC)]." *Wilkerson*, 270 F.3d at 1317. If the Commission determines after an investigation "that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify" the employee. 42 U.S.C. § 2000e-5(b). When the employee receives a notice of dismissal from the Commission, she has 90 days to file a civil action against the employer. *Id.* § 2000e-5(f)(1).

*Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339-40 (11th Cir. 2017) (first and second alterations in original); *see also Santini v. Cleveland Clinic Fla.,* 232 F.3d 823, 825 (11th Cir. 2000) (citing *Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339-41 (11th Cir. 1999)) ("Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."); *Zillyette,* 179 F.3d at 1339 ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.").

The EEOC dated its Determination and Notice of Rights Letter August 15, 2024 (Doc. 5, at 1), and Haynes acknowledges he received the notice on August 15, 2024. (Doc. 1, at 6). However, he did not file suit until November 15, 2024, 92 days after he received the EEOC's Notice. As Haynes did not file suit within the 90-day period, the statute of limitations precludes his Title VII and ADA claims.

Haynes urges the court to apply the doctrine of equitable tolling to excuse his late filing "in light of [his] status as a disabled veteran with both physical and mental

health challenges that have significantly impacted [his] ability to meet procedural deadlines" and produced "substantial barriers in navigating the legal process." (Doc. 22, at 1-2).

The doctrine of equitable tolling applies to the 90-day deadline for filing a lawsuit after receiving a notice of rights to sue from the EEOC. *See Mesidor v. Waste Mgmt., Inc. of Fla.*, 606 F. App'x 934, 936 (11th Cir. 2015) (per curiam) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)) ("Title VII's ninety-day filing requirement is subject to equitable tolling."); *see also Jones v. Wynne*, 266 F. App'x 903, 905 (11th Cir. 2008) (per curiam) (citing *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525-26 (11th Cir. 1983)) ("We view filing within the 90 day period as a condition precedent subject to equitable tolling or waiver, rather than as a jurisdictional bar.").

> "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff "establish[es] a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) *aff'd*, 549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007).

*Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (alterations in original). The party invoking equitable bears the burden of establishing its applicability. *Id.* (citing *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993)).

Courts have repeatedly rejected vague and conclusory descriptions of health

challenges as a basis for equitable tolling without specifically explaining about how the challenges interfered with timely filing. For example, in *Cole v. Young*, 785 F. Supp. 3d 1231 (N.D. Ga. 2025), *reconsideration denied*, No. 1:24-CV-1897-MHC-JKL, 2025 WL 1627261 (N.D. Ga. May 2, 2025), the district court rejected the plaintiff's equitable tolling argument and dismissed the plaintiff's complaint because they did not "demonstrate a causal link between their mental illness and the delay in filing their EEOC charge." *Id.* at 1249. The plaintiff carried diagnoses of major depression, anxiety, obsessive-compulsive disorder (OCD), and attention deficit hyperactivity disorder (ADHD) since March 2022. Even so, between March 2022 and the December 2023 date of their EEOC charge filing, the plaintiff reported inappropriate workplace behavior, met with representatives about the negative work experience, continued to work for the same employer, completed work assignments, applied for worker's compensation and long-term disability benefits, appealed a denial of long-term disability benefits, and corresponded with officials about reporting the offending employee to the State of Georgia. Those activities "belie[d] [the plaintiff's] position that their mental health struggles prevented them from submitting an EEOC charge." *Id.*; *see also Arrington v. United Parcel Serv.*, 384 F. App'x 851, 852 (11th Cir. 2010) (declining to apply equitable tolling due to a plaintiff's "vague and conclusory references to financial difficulties, his *pro se* status, his inability to work due to physical and medical problems, and his inability to secure counsel."); *Nyajeka v. Interdenominational Theological Ctr., Inc.*,

No. 1:21-CV-2664-SEG, 2023 WL 9744626, at *3 (N.D. Ga. Mar. 21, 2023) (declining to apply equitable tolling because the plaintiff did not "explain how the 2011 diagnosis of anxiety and a thyroid condition prevented her from timely filing this lawsuit in 2013"); *Lombard v. Baker*, No. 2:22-CV-328-ECM, 2023 WL 2525509, at *2 (M.D. Ala. Mar. 15, 2023) (plaintiff's hospitalizations for mental illness in 2006, 2012, and 2017 did not establish a causal connection between his mental illness and his failure to file a complaint within the statute of limitations, as the limitations period began to run on July 4, 2018, and expired on January 4, 2019); *Williams v. Saul*, No. 3:19-CV-2918/LAC/EMT, 2020 WL 3900383, at *3 (N.D. Fla. June 15, 2020), *report and recommendation adopted*, No. 3:19-CV-2918/LAC/EMT, 2020 WL 3895776 (N.D. Fla. July 10, 2020) (plaintiff's diagnoses of psychological and social impairments, hypertension, gout, dyslipidemia, and insomnia did not toll the limitations period for timely filing an appeal when the plaintiff engaged in the legal system during the limitations period by terminating his attorney, filing a complaint and two motions *pro se,* and retaining new counsel).

As in the cited cases, Haynes's vague assertion of "physical and mental health" challenges and his status as a disabled veteran do not satisfy the burden to establish his health challenges prevented him from timely filing this action. Despite his alleged challenges, Haynes filed the case only two days after the deadline expired, and he has since engaged in the litigation process by responding to court orders, filing

documentation in support of his claim, participating in a telephone conference with the court, consenting to the exercise of final jurisdiction by the undersigned, a United States Magistrate Judge, responding to Defendant's motion to dismiss, and submitting a request for equitable tolling.[2]

Haynes also argues Defendants misrepresented facts in their submissions to the EEOC and to the court, thereby calling into question all statements Defendants made to him and to this court.[3] Haynes's allegations do not portray how such alleged conduct

---

[2] Generally, "[w]here a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding *pro se*")). However, that rule does not apply when "either (1) 'the district court has a clear indication that the plaintiff does not want to amend his complaint,' or (2) 'a more carefully drafted complaint could not state a claim.'" *Id.* (citing *Bank*, 928 F.2d at 1112). In the present case, the court already provided Haynes an opportunity to amend his complaint, and he did not avail himself of that opportunity. (Doc. 9). Moreover, pursuant to the authority cited in text, Haynes's engagement in the litigation process indicates his physical and mental health conditions did not prevent him from timely filing suit. Accordingly, the court will not permit Haynes the opportunity to file an amended pleading setting forth additional facts to support equitable tolling.

[3] In full, Haynes states:

> In legal proceedings, especially those involving the Equal Employment Opportunity Commission (EEOC), credibility is everything. The Latin maxim "Falsus in uno, falsus in omnibus" – "false in one thing, false in everything" – rings particularly true when a case hinges on witness testimony or sworn statements. If a party is found to have lied about even one material fact, their entire narrative should be scrutinized. Why should a judge or jury believe the rest of their claims? In EEOC investigations, where failure to provide accommodations, discrimination and retaliation allegations can have serious consequences, truthfulness is not optional – it's foundational. When one falsehood surfaces, it justifiably calls the integrity of the entire case into question. To ensure justice, we must hold all parties to the highest standard of honesty. Additionally, I wish to bring to the Court's attention that the defense has submitted false or misleading information to both the [EEOC] and this Court, with the apparent

bears relevance to the inquiry at bar, that is, how the alleged conduct prevented him from timely filing his complaint. Rather, Haynes's allegations appertain to the merits of his claims, not to the equitable tolling issue. Hence, Haynes has not asserted Defendants lodged any misrepresentations that prevented him from filing a timely EEOC charge.

Indeed, the facts Defendants allegedly misrepresented to the EEOC and the court relate to the accumulation and calculation of points in Haynes's disciplinary record due to attendance problems, the timeline of events occurring during the internal disciplinary process and interactive process for assessing possible accommodations for his alleged disabilities, and the scheduling of medical appointments after his workplace injury. (*See* Doc. 22). Haynes's ability to describe such alleged misrepresentations contradicts any contention the Defendants may have prevented Haynes from timely filing his lawsuit. Moreover, as stated previously the alleged misrepresented facts appertain to the merits of Haynes's claims against Defendants; they do not concern Haynes's knowledge of his rights under Title VII or the ADA.

The court's ruling that Haynes did not timely file this action applies to any claims he presented to the EEOC in Charge No. 420-2023-01128.[4] However, the court record

---

intent of mischaracterizing the timeline and material facts of this case.

(Doc. 22, at 2).

[4] There exists no suggestion that Haynes filed any other EEOC charge.

still does not contain a copy of that charge. Haynes never filed a copy of the charge, and though Defendants state they attached a copy of the charge to the motion to dismiss (Doc. 13, at 4), they did not do so. However, even assuming the charge presented all the allegations Haynes asserted in his Complaint – including allegations of race-based and disability-based termination, failure to accommodate, and retaliation under both Title VII and the ADA – he would have needed to file suit within 90 days of receiving the EEOC's notice letter to assert timely claims. As he did not do so, the court will dismiss Haynes's Title VII and ADA claims.[5]

---

[5] Defendants argue Haynes did not include allegations of race discrimination or retaliation in his charge. (Doc. 13, at 4-5). If Defendants accurately describe Haynes's charge, that might constitute an additional basis for dismissing any race discrimination or retaliation claims in this action. Courts must limit judicial claims to "the scope of the investigation that could reasonably have been expected to flow from the [Plaintiff's] EEOC charge." *Swindle v. Jefferson Cnty. Comm'n*, 593 F. App'x 919, 925 (11th Cir. 2014) (citing *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004)). Even so, courts should not strictly construe EEOC charges. While courts should not allow a plaintiff to assert new acts of discrimination in a judicial complaint, they should permit a judicial claim that "'serve[s] to amplify, clarify, or more clearly focus earlier EEO[C] complaints.'" *Id.* at 926 (quoting *Gregory*, 355 F.3d at 1279-80; *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989); *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)) (alterations in original). As the record does not contain a copy of the charge, the court cannot verify Defendants' argument or assess whether the EEOC's investigation of Haynes's charge might reasonably uncover issues of race discrimination or retaliation. In any event, even if the charge did include allegations of race discrimination and retaliation, or if the EEOC's investigation of the charge could reasonably have led to discovering such claims, Haynes did not timely file his case within 90 days of receiving the EEOC's notice letter, and the court may dismiss his federal claims on that basis alone.

In addition, even if Haynes timely filed his Title VII and ADA claims, those claims could not proceed against individual Defendants Butler, Ward, and Batey. *See Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1051 n.2 (11th Cir. 2020) (quoting *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006)) ("'[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act.'"); *Bosarge v. Mobile Area Water & Sewer Serv.*, No. 20-14298, 2022 WL 203020, at *6 (11th Cir. Jan. 24, 2022) (citing *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007)) ("[T]he ADA 'does not provide for individual liability, only for employer liability.'").

## II. The Statute of Limitations Bars Any Claims for Workers Compensation Benefits.

Haynes's Complaint may also assert claims based upon Defendants' processing of his workers compensation claim. Haynes checked a box on the Complaint form to indicate Defendants' discriminatory conduct included "other acts" in addition to termination of his employment, failure to accommodate his disability, and retaliation. He described the "other acts" as including "misfilling [*sic*] of worker comp injury." (Doc. 1, at 4). As a factual basis for his race discrimination claim, Haynes stated Defendants "provided different treatment for workers comp." (*Id.* at 5).

To the extent Haynes attempts to assert a cause of action for race or disability discrimination based upon the mishandling of his workers compensation claim, he failed to file suit within 90 days of receiving the EEOC's notice of right to sue, as previously discussed.

To the extent Haynes attempts to assert an independent cause of action for workers compensation benefits, Alabama law requires him to file such a claim within two years of either his workplace injury or "the date of the employer's last voluntary payment of compensation benefits resulting from the accident." *Dillard v. Calvary Assembly of God*, 372 So. 3d 551, 555 (Ala. Civ. App. 2022) (citations omitted); *see also* Ala. Code. § 25-5-80; *Wehby v. Springer Equip. Co., Inc.*, 155 F. Supp. 3d 1221, 1225 (N.D. Ala. 2016), *report and recommendation adopted*, No. 2:15-CV-01005-RDP, 2018 WL

1182607 (N.D. Ala. Mar. 7, 2018) (citing Ala. Code. § 25-5-80) ("The Alabama Workers' Compensation Law has a two-year statute of limitations.")). Haynes alleges he suffered a workplace injury on September 20, 2022, and he identifies the last date on which he alleges Defendants took any action against him as either October 4, 2022, or October 7, 2022. (Doc. 1, at 5; Doc. 22, at 9-10). As he did not file suit until November 15, 2024, more than two years later, the statute of limitations would bar any workers compensation claims.[6]

---

[6] In any event, federal law may not countenance such a claim. As another judge in this district has observed:

> [Title] 28 U.S.C. § 1445(c) prevents the removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c). The Eleventh Circuit has not conclusively determined whether the prohibition of removal jurisdiction also prevents a plaintiff from directly filing a workers' compensation claim in a federal district court, but other district courts within the Eleventh Circuit have found that a plaintiff may file such a claim. *See CGI Techs. & Sols., Inc. v. Butter & Egg Adventures*, LLC, No. 2:16-CV-20-MHT-SRW, 2016 WL 6802498, at *4-6 (M.D. Ala. Sept. 1, 2016), *report and recommendation adopted*, No. 2:16CV20-MHT, 2016 WL 6804887 (M.D. Ala. Nov. 15, 2016) (finding district court had subject matter jurisdiction over a complaint brought pursuant to the Alabama Workers' Compensation Act); *Edwards v. Prime, Inc.*, No. CIV.A. 08-AR-1016-S, 2009 WL 9084932, at *7 (N.D. Ala. Mar. 4, 2009), *aff'd in part, rev'd in part, dismissed in part*, 602 F.3d 1276 (11th Cir. 2010) ("Key's claim of workers' compensation retaliation did not arrive in this court by removal, and Prime fails to cite a statute or case standing for the proposition that this court cannot exercise supplemental jurisdiction over workers' compensation claims brought originally in this court if joined with a claim or claims over which this court has jurisdiction. In light of this absence of binding precedent, and of the fact that other district courts in the Eleventh Circuit have entertained claims similar to the one presented here, Prime's motion to dismiss Count XV [for workers' compensation retaliation] will be denied.").

*Taylor v. Constr. Claims Mgmt., Inc.*, No. 5:24-CV-01666-LCB, 2024 WL 4993868, at *2 n.1 (N.D. Ala. Dec. 5, 2024). However, like the court in *Taylor*, this court "need not decide whether to join the other district courts in permitting the filing of a workers' compensation claim in a federal district court," as the statute of limitations precludes the claim. *Id.*

## CONCLUSION

In accordance with the foregoing, Haynes did not timely file his claims in this action. Accordingly, the court **WILL GRANT** Defendants' motion to dismiss, **WILL DENY** Plaintiff's "Motion to Dismiss Defendant's Request and Continue Legal Proceedings," and **WILL DISMISS** all of Haynes's claims with prejudice.[7] The court will enter a separate final judgment.

**DONE** this 16th day of October, 2025.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[7] Defendants also urge the court to dismiss Haynes's claims as a sanction for his failure to comply with court orders. (Doc. 13, at 6-7). However, the court need not address that argument, as other circumstances warrant dismissal.